LYONS, Justice
(concurring specially in case no. 1071195 and concurring in the result in case no. 1071204).
As to Part I of the main opinion, I concur fully. I write specially as to the unavailability of certification pursuant to Rule 54(b), Ala. R. Civ. P., with respect to the defendants’ attempt to appeal the trial court’s order quieting title to some of the property in the plaintiffs. I agree that the failure of the trial court to allocate between the multiple plaintiffs defeats finality of the judgment and that, therefore, a certification pursuant to Rule 54(b) as to the unleased property is inappropriate.
“If there are multiple parties, there need only be one claim in the action. Of course, all of the rights or liabilities of one or more of the parties regarding that claim must have been fully adjudicated.”
10 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2656 (3d ed. 1998).
“The second prerequisite for invoking Rule 54(b) is that at least one claim or the rights and liabilities of at least one party must be finally decided....
[[Image here]]
“... According to the Supreme Court [Catlin v. United States, 324 U.S. 229, 233 (1945) ] A “final decision” generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.’ ”
Id. (emphasis added). “A determination of damages that does not allocate an aggregate sum among claimants similarly is not final.” 15B Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3915.2 (2d ed. 1992), citing Strey v. Hunt Int’l Res. Corp., 696 F.2d 87, 88 (10th Cir.1982).
In Strey, the United States Court of Appeals for the Tenth Circuit stated:
*151 “Rule 54(b) permits an entry of judgment for fewer than all claims presented in a civil action. Fed.R.Civ.P. 54(b). However, it permits an entry of judgment only for claims that are in fact finally decided. See Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980); Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956). We conclude that the claims certified in the Rule 54(b) entry of judgment have not finally been decided. Notwithstanding the Rule 51(b) certification, the liability claims of the class will not be the subject of a final decision, and therefore will not be ap-pealable, until the district court establishes both the formula that will determine the division of damages among class members and the principles that will guide the disposition of any unclaimed funds. See Boeing Co. v. Van Gemert, 444 U.S. 472, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980).”
696 F.2d at 88 (emphasis added).
Although the judgment in favor of the plaintiffs as to the unleased property is adverse to the defendants on the issue of title, “all of the liabilities” of the defendants have not been determined where the respective shares of each plaintiff have not been ascertained. This is so because, without a determination as to the allocation among the plaintiffs, the property formerly collectively claimed by the defendants remains undivided, and the judgment in favor of the multiple plaintiffs is not susceptible to the characterization that the litigation has ended and that there is nothing for the court to do but execute the judgment. See Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945). The Chief Justice’s special writing dissenting in part states: “The defendants’ rights and liabilities will be wholly unaffected by the resolution of any remaining claim or issue, and no further proceeding in this action will require their participation as litigants.” 58 So.3d at 164. The foregoing statement overlooks the necessity for an order requiring a conveyance from the defendants to those plaintiffs ultimately deemed to be entitled to an interest in the lands held by the defendants. Hence, the order appealed from is not a final judgment as to the defendants.
I therefore concur fully in the main opinion’s conclusion that the Rule 54(b) certification of the judgment involving the unleased portion of the property is ineffective and that the judgment of the Court of Civil Appeals is to be vacated to the extent it pertains to the unleased property and the case ultimately remanded to the trial court to consider issues concerning the unleased property.
As to Part II of the main opinion, I concur in the result and join Justice Shaw’s writing.
PARKER, J., concurs.